# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE; MATTHEW IRVING DETRES<br>Debtor | CHAPTER 7 |
| MATTHEW IRVING DETRES<br>Plaintiff | Case No. 17015242 |
| V. | |
| NAVIENT, US DEPARTMENT<br>OF EDUCATION<br>Defendant | Adversary No |

## DEBTOR'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN

### SUMMARY

Matthew Irving Detres borrowed $34,500.00 Thirty four thousand five hundred in Student Loans to attend Rowan University, William Patterson University and Passaic County Community College.

Prior to his graduation from Rowan University, he was employed by TriCare Medical Transportation in the capacity of Emergency Medical Technician.

While employed by TriCare Medical Transportation, he was injured at his place of employment in 2015. As a result of the injuries he sustained, he has been out of work.

Prior to his injury at work, Matthew Irving Detres made payments to his student loan lenders. He cannot keep making those payments, due to his medical issues. His student loans are an undue hardship.

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. 157 to hear this Adversary proceeding. Matthew Irving Detres initiates this proceeding under 157(b)(2)(1) to determine if his student loans are dischargeable because they cause him to suffer an undue hardship.

## BACKGROUND

2. In the early year of 2008 to 2014 Matthew Irving Detres borrowed federal student loans to attend college with a balance of $37,000.00 Thirty seven thousand dollars.

3. Prior to his graduation from Rowan University, he was employed by TriCare Medical Transportation in the capacity of Emergency Medical Technician.

4. While employed by TriCare Medical Transportation, he was injured at his place of employment in 2015.

5. As a result of the injuries he sustained, he has been out of work.

6. Before filing for Bankruptcy Matthew Irving Detres used the Forbearance option available to him. Meanwhile the interest continues to accrue.

## CAUSE OF ACTION

7. Because of the inability to work, Matthew Irving Detres cannot afford to pay his student loan debt. His student loans pose an undue hardship on him.

WHEREFORE, Plaintiff, Debtor requests this Court determine that his student loan debt is dischargeable under 11U.S.C.523(a)(8)(B).

_/s/ Angelina Montanez_
Angelina Montanez, Esquire
Attorney for Plaintiff/Debtor
PO Box 131
Elwood NJ 08217
(609)2014-0419

B2500A (Form 2500A) (12/15)

United States Bankruptcy Court

District Of _New Jersey_

In re _Matthew Irving Detres_ )   Case No. _17015242_
      Debtor                   )
                               )   Chapter _7_
                               )
_Matthew Irving Detres_        )
      Plaintiff                )
                               )
      v.                       )   Adv. Proc. No. _____
_Navient, US Dept. of Education_ )
      Defendant                )

### SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

    Address of the clerk:

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

    Name and Address of Plaintiff's Attorney:
_Law Office of Angeling Montanez LLC_
_PO Box 131 Elwood NJ 08217_

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                                                           _____ (Clerk of the Bankruptcy Court)

Date: _____    By: _____ (Deputy Clerk)

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>MATTHEW IRVING DETRES | BANKRUPTCY CASE NO.<br>1701 5142 ||
| DISTRICT IN WHICH CASE IS PENDING<br>NEW JERSEY | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF<br>MATTHEW IRVING DETRES | DEFENDANT<br>NAVIENT, US. Dept. of Education | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>NEW JERSEY | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Angelina Montanez* |||
| DATE<br>6-23-17 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Angelina Montanez ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> MATTHEW IRVING DETRES | **DEFENDANTS** <br> NAVIENT, <br> US DEPT of EDUCATION |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Law Office of Angelina Montanez <br> PO Box 131 Elwood NJ 08204-0419 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor   ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor   ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Debtors Complaint To Determine Dischargeability of Student loan

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☑ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |